UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Christopher Beltran

    v.                              Civil No. 04-cv-071-JD

James O' Mara, Jr. et al.


O R D E R

The defendants have moved for partial reconsideration of this court's order of December 20, 2005, which denied their motion to dismiss in part, ___ F. Supp. 2d ___, 2005 DNH 169, 2005 WL 3475693 (D.N.H. Dec. 20, 2005), and have separately moved to amend that order to report one of the questions it considered to the First Circuit for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The plaintiff, Christopher Beltran, has not filed a response to either motion.

I.    The Motion for Reconsideration

The defendants, who are the superintendent of a county correctional department, the department itself, and a number of its correctional officers, moved to dismiss Beltran's claims arising out of his detention in a county jail on the ground that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("the PLRA"). The court denied the motion insofar as it sought to dismiss Beltran's claim that he had been subjected to excessive force in

the form of assaults by guards and repeated confinement in "the restraint chair, a hard plastic chair with heavy webbed straps designed for restraining inmates who are physically out of control . . . ."  2005 WL 3475693, at *4, *11-*14.  The court determined that, while Beltran largely failed to grieve these incidents through the process set forth in the inmate handbook, he had exhausted his claim to the extent it arose out of the alleged assaults and all but one of the trips to the restraint chair by complaining about them during the consequent disciplinary proceedings against him.  Id. at *4-*6, *11-*14.

In making this determination, the court considered the defendants' argument, made in their reply brief, that Beltran "'did not partake in the disciplinary appeal process or otherwise attack the disciplinary proceedings with regards [sic] to the use of the restraint chair . . . .'"  Id. at *14 (quoting Reply Mem. at 7) (ellipse in original).  The court stated that "[t]his argument seriously misrepresents the summary judgment record . . . .  [T]he records of Beltran's disciplinary proceedings show that he appealed all but one of the guilty findings entered in connection with an episode leading to his placement in the chair."  Id. (footnote omitted).

In their motion for reconsideration, the defendants ask the court, inter alia, to "[r]escind [this] reference[] to . . . serious mischaracterization . . . ."  Mot. Recons. at 6.  They

explain that the argument in their reply brief "references the incidents in the Complaint" which form the basis of Beltran's excessive force claim, rather than different incidents of the same character described in the affidavit Beltran filed contemporaneously with his objection to the motion to dismiss. Id. at 3.  As the defendants note, Beltran's complaint alleged that certain of them had subjected him to excessive force by putting him in the restraint chair on January 5, 2004, and "[o]n or about January 10, 11, and/or 12, 2004," Compl. ¶ 35, while his affidavit stated that he had been placed in the restraint chair on January 5 and "six more times, on January 20, 21, 22, 24, 25, and 29 . . . ."  Beltran Aff. ¶ 20.  The defendants explain that, in drafting the reply brief, their counsel "referenced disciplinary records in [the] approximate date range" given in the complaint, rather than the affidavit, which they characterize as "a good faith mistake rather than a serious misrepresenta-tion."  Mot. Recons. ¶¶ 5-6.

    Taken at face value, the defendants' explanation shows that their counsel did not intentionally misrepresent the record through the argument in question.  The explanation also shows, however, that counsel was at least careless and that the court therefore accurately stated that the argument "seriously misrepresents the summary judgment record."  First, the defendants made the argument in spite of the fact that, as they

3

acknowledge, Mot. Recons. ¶ 5, Beltran's complaint extensively discusses his trip to the restraint chair on January 5, Compl. ¶¶ 23-30, and the record of the disciplinary proceedings arising out of the surrounding incidents shows that he complained about his treatment while so restrained. See Obj. Mot. Dismiss, Ex. 8, at 7-8; Ex. 9, at 1.  Even if defense counsel acted reasonably in basing their argument solely on the incidents enumerated in the complaint, then, they were careless in failing to check the summary judgment record closely enough to see that Beltran had in fact complained about one of those incidents, that of January 5, through the disciplinary process.  Indeed, Beltran's objection to the motion to dismiss specifically references those portions of his disciplinary record, which were submitted as exhibits to the motion itself.  Id. ¶¶ 24-25.

In any event, counsel were also careless in limiting their review of Beltran's disciplinary record to charges corresponding to the dates listed in the complaint when preparing an argument for their reply memorandum.  The defendants point out in their motion for reconsideration that Beltran neither sought to amend his complaint to allege the correct dates nor mentioned them in his objection.  They do not dispute, however, that Beltran's affidavit specifically references the relevant dates and that they had that affidavit in advance of filing their reply memorandum.  And yet, in spite of the affidavit, counsel

presented an argument dependent on the complaint's erroneous recitation of dates rather than on when Beltran now said--and the defendants' own records confirmed--that those events had actually occurred.  This amounts to carelessness and supports the court's conclusion that the defendants' argument was a serious mischaracterization of the summary judgment record.

The defendants also urge the court to "rescind" its statement that their qualified immunity argument "rest[ed] on a blatant mischaracterization of Beltran's excessive force claim . . . ."  2005 WL 3475693, at *19.  In their principal summary judgment brief, the defendants had characterized this claim as premised on "'one incident of being restrained,'" id. (quoting Mem. Supp. Mots. Dismiss & Summ. J. at 26), though the complaint identifies the basis of the claim as two different alleged assaults and at least four separate trips to the restraint chair.  Compl. ¶ 59.  They explain that their counsel's "sole intent was to argue that the only unexhausted claim, and therefore the only claim subject to the summary judgment standard, was the one claim about which [Beltran] had filed a grievance."  Mot. Recons. ¶ 9.

As evidence of this intent, the defendants cite passages from their summary judgment brief which state not that the defendants are entitled to qualified immunity, but that "[i]n the event that the Court allows [Beltran] to proceed on the limited counts that are based on appropriately exhausted claims, these

claims are insufficient as a matter of law" and because "[a]t best, [Beltran's] claim is that on one occasion he was lifted by his handcuffs and shackled and had his shoulder slammed . . . . Therefore, as a matter of law, [Beltran's] excessive force claim cannot be maintained." Mem. Supp. Mots. Dismiss & Summ. J. at 12, 15. These passages, which appear in the brief some thirteen and ten pages, respectively, before the qualified immunity argument, cannot be reasonably understood as limiting that argument to the claim they believed Beltran had properly exhausted. The passages make no reference whatsoever to qualified immunity and, conversely, the brief's discussion of qualified immunity gives no indication of any such limitation.

Accordingly, the defendants were at least careless in describing Beltran's excessive force claim as limited to just one incident during their discussion of their qualified immunity defense. The court therefore accurately called this description a "blatant mischaracterization."

Finally, the defendants seek reconsideration of the order to rule that "any claim relative to the use of the restraint chair on January 25, 2004, be dismissed" without prejudice because Beltran never pursued such a claim through the administrative process. Mot. Recons. ¶ 7. Based on the records submitted with the defendants' motions, it does not appear that Beltran was placed in the restraint chair on two separate

occasions on January 24 and January 25, 2004, but instead that he was confined to the chair in the late evening hours of January 24 and remained there into the early morning hours of January 25. See Mem. Supp. Mots. Dismiss & Summ. J., Ex. F, Rept. 04-189, at 6, 8, 10.  The defendants have not asked for reconsideration of the court's ruling that Beltran administratively exhausted his claim insofar as it arose out of the events of January 24.

Thus, although Beltran counts this incident as two separate trips to the restraint chair, Beltran Aff. ¶ 20, it appears to have consisted of only one trip, which spanned two days and which Beltran complained about through the disciplinary process.  The defendants' motion to reconsider the order to dismiss "any claim" arising out of the use of the restraint chair on January 25, as distinct from the use of the chair on January 24, is therefore moot.  There is no such "claim."

In summary, it is not unreasonable for the court to expect counsel to exercise care in paying close attention to the details of the record so that it is presented in an accurate way in any arguments counsel make to the court.

II.  The Motion to Amend the Order to Permit Interlocutory Appeal

The defendants have also asked the court to amend the December 20 order to permit an interlocutory appeal of its ruling that Beltran's failure to exhaust some of the claims in his

complaint, but not others, does not require dismissal of the complaint as a whole under section 1997e(a) of the PLRA. 2005 WL 3475693, at *14-*17 (rejecting "total exhaustion" rule). They seek this relief pursuant to 28 U.S.C. § 1292(b), which provides that "[w]hen a district judge . . . shall be of the opinion that [an] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order," allowing the circuit court to hear an interlocutory appeal.

This procedure, known as interlocutory certification, "should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (internal quotation marks omitted). Even if the question of whether to follow the total exhaustion approach under section 1997e(a) could be considered sufficiently "difficult" or "pivotal" so as to justify an interlocutory appeal, "since the rest of the claims based on the same underlying facts [will] proceed[] in the district court, the interlocutory appeal on [this] issue [will] not 'materially advance the ultimate termination of this litigation.'" Id.

(quoting 28 U.S.C. § 1292(b)).  The circumstances of this case therefore do not meet the criteria of section 1292(b).  See id. at 8-9 (dismissing, as improvidently granted, interlocutory appeal of denial of motion to dismiss based on plaintiff's failure to exhaust administrative remedies).  The defendants' motion to amend the order to that effect is denied.

III. Conclusion

For the foregoing reasons, the defendants' motions for reconsideration of (document no. 47) and to amend (document no. 48) this court's order of December 20, 2005, are DENIED.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 31, 2006

cc:   John A. Curran, Esquire
      Elizabeth L. Hurley, Esquire
      Michael J. Sheehan, Esquire