UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Christopher Beltran

     v.                          Civil No. 04-cv-071-JD
                                   Opinion No. 2006 DNH 020
Michael Bernier et al.

O R D E R

The parties have filed a number of motions in limine seeking
to preclude certain evidence at the upcoming trial of Christopher
Beltran's claim that the defendants, a number of correctional
officers, subjected him to excessive force during his detention
at the Hillsborough County House of Correction (the "HCHC").  The
court's ruling on each of those motions follows.

At the outset, however, the court notes that none of these
motions contains the certification required by Local Rule 7.1(c),
i.e., that the moving party has made a good faith effort to
obtain its adversary's concurrence in the relief sought.[1]  The
purpose of this rule is to prevent unnecessary motion practice

---

[1]Beltran's motions assert that the defendants' counsel
"objects to the relief sought," without attesting to any attempt
at achieving consensus; for their part, the defendants take the
position that their motions are exempt from L.R. 7.1(c) because
they are "dispositive of an important evidentiary matter."  While
the rule does not apply in the case of a "dispositive motion,"
the ordinary meaning of that phrase does not extend to motions in
limine, but to motions to dismiss, for summary judgment, and the
like.  See, e.g., 14 James Wm. Moore et. al., Moore's Federal
Practice § 72.02[3], at 72-9--72-11 (3d ed. 1997 & 2005 supp.).
Motions in limine are not "dispositive" under L.R. 7.1(c).

from taxing the resources of the parties and the court.  Here,
based on the court's analysis of the motions, adherence to the
rule could have achieved this effect by significantly narrowing
the issues presented in the motions or possibly even eliminating
the need for some of them in their entirety.  Counsel are
reminded that they have an obligation to attempt to resolve
disputes on their own before seeking the court's intervention.

I.   <u>The Defendants' Motion to Preclude Rule 404(b) Evidence</u>

The defendants have filed a motion in limine stating that
Beltran "will likely attempt to introduce any claimed assaults,
criminal acts, convictions or accusations against other
corrections officers as well as state and federal investigations
against HCDOC or INS issues.  None of this evidence, if it is
even reliable or in existence, is relevant . . . .  Instead, it
is unduly prejudicial . . . ."  Mem. Supp. Mot. at 2.  The
defendants, however, do not identify the allegedly objectionable
evidence any further.

In his objection, Beltran argues that "the motion does not
state with sufficient particularity what evidence it seeks to
exclude . . . this court cannot rule on the admissibility of
[Fed. R. Evid. 404(b)] evidence in this pretrial vacuum."  Obj.
¶ 2.  The court agrees.  While Rule 404(b) prohibits the use of
evidence of prior acts "to prove the character of a person in

2

order to show action in conformity therewith," it specifically
makes such evidence admissible for a variety of other purposes.
Rule 404(b), then, does not permit a blanket pretrial ruling that
any evidence of any prior act by any defendant is inadmissible,
let alone an abstract determination that the prejudicial effect
of such evidence will outweigh its probative value.  The
defendants' motion is therefore denied.  Their objections to
whatever prior act evidence Beltran offers, if any, will be
addressed in the proper context at trial.


II.   The Defendants' Motion to Preclude
      Evidence of Other Inmate Complaints

       Similarly, the defendants have moved "to [p]reclude
Plaintiff or his witnesses from mentioning claims brought by
other specific individuals against HCDOC and its staff," Mot. at
1, particularly "Brian Armstrong, Robert Murray, Robert Boudreau,
Jason Suprenant, Dante Baker, Antonio King, Nicholas Champagne,
Terry T. Thomas, Michael DeAngelis, Efrain Perez, Eric Searles,
David Coulombe, Palacio Paladin and Richard West and any of their
claims against the County."  Mem. Supp. Mot. at 2.  The
defendants argue that "[i]n all but one case there has been no
finding of liability against HCDOC," and that even in that case
the incidents at issue "are wholly unrelated and irrelevant to
the instant claims."  Id.

       Beltran responds that he "was abused because he would not
shut up about staff mistreatment of other inmates" and that he

3

should therefore be permitted to adduce evidence of other inmates' complaints in support of this theory.  Obj. ¶ 5. Nevertheless, he acknowledges that most of the inmates named in the defendants' motion had left the HCHC before he even arrived and that their complaints would therefore be irrelevant.  Beyond that, the court cannot determine at this point whether the complaints of any other inmate might be relevant to Beltran's theory, as he contends, or whether the prejudicial effect of those complaints would outweigh their probative value, as the defendants contend.  The defendants' motion is therefore denied. Their objections to any evidence of complaints by other inmates will be addressed in the proper context at trial.

III.   <u>Beltran's Motion to Exclude His Disciplinary Record</u>

Beltran has moved to "exclude from trial evidence of [his] disciplinary offenses, whether from the jail or the state prison, because they are rendered inadmissible by" Fed. R. Evid. 404(b). Mot. at 1.  The defendants have not responded to this motion. Beltran, however, concedes that "he may open the door to admission of some disciplinary reports depending on what claims he pursues at trial or during his testimony."  <u>Id.</u> ¶ 4.  Indeed, Beltran's excessive force claim arises out of a series of incidents where the defendants restrained him for allegedly violating HCHC disciplinary rules.  As with the defendants' motions in limine seeking to exclude Rule 404(b) material, the

4

court cannot determine at this point which aspects of Beltran's
disciplinary record might be admissible and which might not.
Beltran's motion is therefore denied.  His objections to any
evidence of his disciplinary infractions will be addressed in the
proper context at trial.

IV.    The Parties' Motions Concerning Beltran's Criminal Record

        The defendants have filed a "Motion in Limine to Notice Its
[*sic*] Intent to Use Plaintiff's Criminal History at Trial,"
seeking permission "to introduce aspects of Plaintiff's criminal
history at trial."  Mem. Supp. Mot. at 2.  While the motion
discusses Fed. R. Evid. 609(a), which permits evidence that a
witness has been convicted of certain crimes to be admitted under
certain circumstances for the purpose of impeachment, the motion
also argues that Beltran's "crimes explain the basis, in part,
for [his] classification in maximum security" as well as the
defendants' "fear for their safety and the overall safety of the
facility."[2]  Mem. Supp. Mot. at 2.  Beltran was detained in the
HCHC while awaiting trial on two charges of second-degree murder.
He was subsequently convicted of those charges.

---

        [2]Beltran's complaint included a claim that his
classification as a maximum security inmate violated his right to
due process.  The court has since dismissed that claim without
prejudice, however, due to Beltran's failure to exhaust his
administrative remedies.

Although Beltran has not filed an objection to the motion, he has filed his own motion in limine on this issue.  Beltran acknowledges that his murder convictions are admissible, but seeks to limit any evidence of his criminal history to the "facts of the convictions, but none of the underlying facts."  Obj. ¶ 4. In support of this relief, Beltran relies on Rule 609(a), under which "the impeaching party is generally limited to establishing the bare facts of the conviction:  usually the name of the offense, the date of the conviction, and the sentence."  4 Jack B. Weinstein & Margaret F. Berger, <u>Weinstein's Federal Evidence</u> § 609.20[2], at 609-57--609-58 (2d ed. 1997 & 2005 supp.) (footnote omitted); <u>accord</u> <u>United States v. Pandozzi</u>, 878 F.2d 1526, 1534 (1st Cir. 1989).  Rule 609(a), however, "does not govern the substantive use of prior convictions," <u>e.g.</u>, to show intent or knowledge.  Weinstein & Berger, <u>supra</u>, § 609.02[2], at 609-9 (footnote omitted).

As noted, it is unclear from the defendants' motion whether they intend to use Beltran's criminal history to impeach him or for some other, substantive purpose.  The defendants have not responded to Beltran's motion.  It is therefore unclear whether Rule 609(a) will operate to restrict the proof of that history to the convictions themselves.  In any event, because Beltran acknowledges that his murder convictions are admissible, the defendants will not be restricted from using "the bare facts" of

those convictions as evidence.  The defendants shall not,
however, present any of the underlying facts of the murder
convictions, or any evidence of Beltran's other convictions,
without seeking a ruling from the court beforehand.  The parties'
motions in limine on this issue are therefore granted in part and
denied in part.


V.   <u>Beltran's Motion for a Spoliation Instruction</u>

     Finally, Beltran has moved for "a 'spoliation instruction'
to the jury that it may draw an adverse inference from the jail's
failure to preserve video recordings of some events relevant to
this lawsuit."  Mot. at 1.  Beltran notes that, in January 2004,
the HCHC installed security cameras trained on the common areas
of the unit where he was housed at that time.  He asserts that
the events underlying part of his excessive force claim occurred
in those common areas, <u>e.g.</u>, the defendants transported Beltran
through them on the way to the restraint chair.  He also asserts
that, through counsel, he asked the defendants to preserve
videotaped footage depicting the events at issue, but that he has
since learned that the tapes have been destroyed.

     "[A] trier of fact may (but need not) infer from a party's
obliteration of a document relevant to a litigated issue that the
contents of the document were unfavorable to that party."  <u>Testa
v. Wal-Mart Stores, Inc.</u>, 144 F.3d 173, 177 (1st Cir. 1998).  To

7

permit such an inference, however, its proponent "must proffer evidence sufficient to permit the trier of fact to find that the target knew of (a) the claim (that is, the litigation or the potential for litigation), and (b) the document's potential relevance to that claim."   Id.

Beltran's motion suggests that these prerequisites have been met because, while the defendants characterize the destruction of the video as inadvertent, they have been careful to preserve similar video "when it benefitted the state or jail . . . ." Mot. at 2.  Whether Beltran can adduce facts to support this theory, and whether the theory, in turn, supports a spoliation instruction, are matters that are properly addressed in the context of the trial.  See Blinzler v. Marriot Int'l, Inc., 81 F.3d 1148, 1159 (1st Cir. 1996) (noting that propriety of spoliation instruction depends on totality of circumstances). Beltran's motion is therefore denied without prejudice to renew his request for a spoliation instruction at the appropriate time.


## Conclusion

For the foregoing reasons, the defendants' motions in limine seeking to preclude evidence of prior acts (document no. 32) and complaints by other inmates (document no. 41) are denied. Beltran's motions in limine seeking to preclude evidence of his disciplinary record (document no. 37) and for a spoliation

instruction (document no. 38) are also denied.  The defendants'
motion to use Beltran's criminal history (document no. 34) and
his motion to limit that evidence (document no. 36) are granted
in part and denied in part as more fully explained in this order.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

February 22, 2006

cc:  John A. Curran, Esquire
     Elizabeth L. Hurley, Esquire
     Michael J. Sheehan, Esquire